[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13808
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-00331-JES-NPM

MAMBERTO REAL,

Plaintiff - Appellant,

versus

MICHAEL PERRY,
individual capacity,
CITY OF FORT MYERS,
official capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2020)

Before MARTIN, ROSENBAUM, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Mamberto Real ("Real"), appeals the district court's order granting Appellees, Officer Michael Perry ("Officer Perry") and the City of Fort Myers ("City), a judgment of dismissal on Real's 42 U.S.C. § 1983 second amended complaint. In his second amended complaint, Real alleges a claim of excessive force against Officer Perry in violation of his Fourth and Fourteenth Amendment rights, and a claim against the City alleging that it has a custom, policy, and practice of ignoring and failing to discipline the misconduct of its officers. After reviewing the record and reading the parties' briefs, we reverse and remand in part and affirm in part the district court's judgment of dismissal.

## I.

We review *de novo* the district court's judgment of dismissal, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Glover v. Liggett Corp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). Generally, the scope of the review is limited to the four corners of the complaint. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," and " a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). This obligation "requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citation omitted). To survive dismissal, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* This requires "more than an unadorned, the-defendant-unlawfully- harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citations omitted). A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe liberally the documents filed as a complaint and amended complaint. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

Real's second amended complaint alleges the following facts: On or about December 25, 2016, Real lost his job and then his apartment. Real became homeless and started living in his vehicle until he entered a shelter for the homeless. The shelter discharged Real on February 10, 2017, but because he was still homeless, he resumed living in his vehicle, which he parked in the shelter's parking lot. We take the following facts verbatim from the district court's order: On February 15, 2017, around 12:40 a.m., Officer Michael Perry approached [Real's] car with a flashlight illuminating the interior of the car without an introduction. Officer Perry stated, "Hey you they do not want you here, I already

3

know you have [a] driver['s] license, you have five (5) seconds to leave or I am going to shoot you NIGGER." (Doc. #55, p. 3.)  Officer Perry started counting to 5, and when he reached 5, Officer Perry removed his firearm from its holster and pointed it at [Real's] face.  At that moment, another officer, Officer Adam J. Miller, intervened by placing his body between the gun and [Real].  [Real] alleges that Officer Miller saved his life.  [Real] showed that his hands were empty, he had no weapons in the car, and [Real] states that he presented no physical threat to the Officers.  [Real] states that Officer Miller has since died in the line of duty, but Officer Brittany Morris was also on the scene with knowledge of the events. [Real] left the parking lot without physical injury or arrest.  The same day, around 8:00 am, [Real] filed a complaint against Officer Perry at the Fort Myers Police Department.  The investigation [started], however Officer Perry's body camera was broken and there was no recording and Officer Perry was exonerated of any wrongdoing.  (Doc. #55, p. 3–4.)

Real filed his initial complaint *pro* se and alleged constitutional violations against Officer Perry and the City.  Real also filed an amended complaint soon thereafter, and Officer Perry and the City responded, seeking dismissal of Real's complaint.  The district court granted in part and denied in part the motions to dismiss and granted Real leave to amend his complaint again.  After the district

court allowed Real leave to amend to file a second amended complaint, Officer Perry and the City responded and sought dismissal of Real's complaint. This time, the district court granted both motions, and it is from this order that Real appeals.

## II.

On appeal, Real argues that the district court erred in granting Officer Perry's motion to dismiss because Real set forth sufficient facts to support his Fourth and Fourteenth Amendment claims of excessive force against Officer Perry. Real contends that Officer Perry violated his constitutional rights when Officer Perry used excessive force while seizing Real as he pointed his firearm at Real, threatened Real, and called him a derogatory name. Real claims that Officer Perry used his show of authority to restrain Real because as he sat in his vehicle with Officer Perry's gun pointed in his face, Real did not feel free to leave. Real further contends that there was no need for Officer Perry to point his weapon at him because Real did not confront Officer Perry, and any crime Real may have committed would have been a misdemeanor. Thus, Officer Perry's display of his weapon was unnecessary and this force was disproportional to the offense Real may have committed.

Officer Perry responds that the district court properly granted his motion to dismiss because Real did not support his claims with plausible factual allegations

5

that would have raised his right to relief beyond a speculative level. Further, Officer Perry notes that the district court correctly found that Real had no claim under the Fourth Amendment because there was no seizure, and the district court properly analyzed the claim under the Fourteenth Amendment. *See Wilson v. Northcutt*, 987 F.2d 719, 721–22 (11th Cir. 2003). Hence, Officer Perry seeks affirmance of the district court's judgment of dismissal.

We begin our § 1983 analysis by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1870 (1989). We are guided by two decisions in this regard. First, the Supreme Court in *Graham* held that the Fourth Amendment governs "a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person." *Id.* at 388, 109 S. Ct. at 1867– 68. Second, "the Fourteenth Amendment guards against the use of excessive force against arrestees and pretrial detainees." *J W ex rel. Tammy Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1259 (11th Cir. 2018). Consequently, it is a threshold question whether Real was "seized" at any point during his encounter with Officer Perry. If Real was seized when Officer Perry pointed the gun at him, then the proper analysis of this case is under Fourth Amendment standards. *See*

*Corbitt v. Vickers,* 929 F.3d 1304, 1312–13 (11th Cir. 2019), *petition for cert. filed* (Nov. 22, 2019) (No. 19-679).

A seizure occurs if, 'in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."' *Brendlin v. California,* 551 U.S. 249, 255, 127 S. Ct. 2400, 2405 (2007) (quoting *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S. Ct. 1870, 1877 (1980) (citing as an example of a seizure as when an officer displays a weapon)). Taking Real's allegations in his complaint as true, as we must at a motion to dismiss stage, we conclude that Real was "seized" when Officer Perry drew his weapon and pointed it at Real. We see no justification for the conduct exhibited by Officer Perry here. In fact, the Constitution forbids such egregious official misconduct. Moreover, viewing all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *See Mendenhall*, 446 U.S. at 554, 100 S. Ct. at 1877. *See also Florida v. Bostick*, 501 U.S. 429, 435–36, 111 S. Ct. 2382, 2386–87 (1991) (measuring "coercive effect of the encounter" by asking whether "a reasonable person would feel free to decline the officer['s] requests or otherwise terminate the encounter"). Although Real's complaint does not allege that Officer Perry applied any physical force against him, there was

7

without question an initial "show of authority" when Officer Perry pointed his gun at Real. *Cf. California v. Hodari D.*, 499 U.S. 621, 626–29, 111 S. Ct. 1547, 1550–52 (1991) (seizure can occur when a person submits to the assertion of authority). In making this decision, we are mindful "that the Fourth Amendment governs 'seizures' of the person which do not eventuate in a trip to the station house and prosecution for crime—'arrests' in traditional terminology," and that "[i]t must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Corbitt*, 929 F.3d at 1313 (quoting *Michigan v. Summers*, 452 U.S. 692, 696 n.5, 101 S. Ct. 2587, 2591 n.5 (1981)).

Thus, we conclude from the record that the district court erred by using a Fourteenth Amendment analysis rather than a Fourth Amendment analysis in granting a judgment of dismissal on Real's § 1983 complaint. Accordingly, we reverse the district court's judgment as to Officer Perry and remand this case to the district court for consideration pursuant to a Fourth Amendment analysis.[1]

### III.

---

[1] We note that the district court did not consider Officer Perry's claim of qualified immunity, thus we do not consider it in this appeal.

Real also argues on appeal that the district court erred in granting the City's motion to dismiss on his *Monell* claim.  Real alleges that the City of Fort Myers has a custom, policy, and practice of ignoring and failing to discipline misconduct of officers when they use unreasonable excessive force.  The district court dismissed this claim, finding that Real did not allege facts to support such a claim.  After reviewing the record, we agree with the district court.

"[I]t is well established that a municipality may not be held liable under section 1983 on a theory of respondeat superior." *Davis v. DeKalb Cty. Sch. Dist.,* 233 F. 3d 1367, 1375 (11th Cir. 2000).  A municipality may only be held liable for the actions of law enforcement officers when official policy or custom causes the constitutional violations.  *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38 (1978).  Thus, to establish municipal liability a plaintiff must (1) demonstrate that his constitutional rights were violated, and (2) identify a municipal custom or policy that (3) caused the violation. *McDowell v. Brown,* 392 F.3d 1283, 1289-90 (11th Cir. 2004).  The district court properly dismissed Real's legally insufficient *Monell* claim.  *See Gray v. City of Roswell*, 486 F. App'x 798, 800–01 (11th Cir. 2012) (finding that because the plaintiff did not "recite any facts or policies which would support a claim against the City" and only made

9

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," the district court properly dismissed the claim against the City (internal citation omitted)).  Real did not allege any facts to support this claim in the district court, and he does not even discuss this claim in his brief on appeal. Accordingly, we affirm the district court's judgment of dismissal on Real's *Monell* claim against the City.

Based on the foregoing, we reverse the district court's judgment of dismissal as to Officer Perry, affirm its judgment of dismissal as to the City, and remand this case for further proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**